UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALAN DUNSTON,

                          Plaintiff,

    – against –

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

**OPINION AND ORDER**

14-CV-3859 (ER)

---

RAMOS, D.J.:

    Before the Court is the Report and Recommendation ("R & R") dated January 5, 2015 of Magistrate Judge Andrew J. Peck, to whom this matter was referred for judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), which held that Alan Dunston ("Plaintiff") was overpaid $11,275 in disability insurance benefits ("DIB") between November 2006 and June 2011.  In the R & R, Judge Peck recommends granting the Commissioner's motion for judgment on the pleadings.  For the reasons stated herein, the Court ADOPTS the R & R and directs the entry of judgment as recommended.

**I.  Background**

    On March 2, 2006 Plaintiff appeared before an Administrative Law Judge ("ALJ") to determine whether he was disabled and therefore eligible for DIB under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381 *et seq*.  R & R, Doc. 22 at 3.  At the same time, Plaintiff was collecting workers' compensation in connection with a work-related injury totaling $100 every two weeks from July 12, 2006 through September 27, 2009, and $200 every two weeks

from September 28, 2009 through at least May 6, 2012. *Id*. at 2. Plaintiff testified that he was receiving workers' compensation benefits at his hearing. *Id*. at 3.

On December 19, 2008, the Commissioner issued a fully favorable final determination finding Plaintiff disabled. *Id*. On January 17, 2009, Plaintiff was informed that although he was deemed to have become disabled on April 28, 2004, he was only eligible for DIB beginning on November 2006 because of the timing of his filing. *Id*. The notice also stated that Plaintiff was entitled to $680 in monthly DIB following an initial $390 check issued on or around February 25, 2009. *Id*. It included a breakdown of the retroactive monthly amounts owed to Plaintiff from November 2006 through the end of 2008, indicating that the Social Security Administration ("SSA") was withholding those benefits pending a determination whether Plaintiff had received Supplemental Security Income ("SSI") during that time frame. *Id*. The monthly amounts for the retroactive period ranged from $694.80 to $776.70. *Id*. The SSA ultimately paid Plaintiff a retroactive DIB check for $11,252.20. *Id*.

On May 11, 2009, Plaintiff completed a questionnaire indicating that he received $100 every two weeks in workers' compensation benefits. *Id*. On April 7, 2010, the SSA informed him that his DIB payments were being reduced because he received workers' compensation "during his retroactive benefit period." *Id*. Although Plaintiff filed a request for reconsideration, he did not file a request for a waiver of his overpayment. *Id*. at 3-4. On July 16, 2011, the SSA denied Plaintiff's request and determined that he had been overpaid $11,275 in DIB from November 2006 through June 2011. *Id*. at 4. It informed Plaintiff that his benefits would be reduced by $100 per month for 112 months in order for it to recover the overpayment. *Id*.

On September 6, 2011, Plaintiff requested a hearing before an ALJ, which he was granted. *Id*. On July 3, 2012, ALJ Weiss found that Plaintiff had been overpaid $14,317.60. *Id*.

2

at 4-5.  ALJ Weiss also found that recovery of the overpayment could not be waived because Plaintiff was not without fault and had failed to present evidence that repayment would impose an undue burden.  *Id*. at 5.

On July 11, 2012, Plaintiff requested Appeals Council review, which it granted.  *Id*.  The Appeals Council proposed to issue a decision finding that Plaintiff was overpaid $11,275 and notified him that it would consider any comments or new evidence submitted within thirty days.  *Id*.  Plaintiff made no further submissions and the Appeals Council entered its final decision on March 11, 2014.  *Id*.  The Appeals Council vacated ALJ Weiss' waiver findings, concluding that the issue of waiver was not before the ALJ since Plaintiff never requested a waiver.  *Id*. at 6.  It further held that ALJ Weiss miscalculated the amount of overpayment, which actually totaled $11,275.  *Id*.

Plaintiff filed the instant action on May 6, 2014 in the Eastern District of New York.  *Id*.  It was transferred to this Court on May 28, 2014, and on October 29, 2014, the Commissioner moved for judgment on the pleadings.  *Id*. at 6-7.  In his opposition, Plaintiff argued that the he only received a retroactive benefit check for $11,252.20 and that he did not receive both workers' compensation and DIB payments during the retroactive period since he did not receive monthly DIB payments at that time.  *Id*.

In the R & R, Judge Peck finds that the record contains substantial evidence that Plaintiff received both DIB and workers' compensation payments between November 2006 and June 2011.  *Id*. at 15.  Judge Peck determined that even if Plaintiff received DIB payments at a different time than when he was collecting workers' compensation, they were meant to retroactively cover the same time period.  *Id*.  Furthermore, the reason that Plaintiff owes a greater amount than the $11,252.20 retroactive benefit check he received is because the

3

overpayment was not just for the retroactive period, but also for the regularly monthly DIB payments through July 2011. *Id*. Judge Peck also found that the Appeals Council directly determined that the ALJ did not have the authority to rule on the issue of waiver because Plaintiff did not request it. *Id*. at 15-16. Therefore, Judge Peck recommended that the Commissioner's motion for judgment on the pleadings be granted.

## II.    Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## III.    Discussion

On January 14, 2015, Plaintiff timely filed his objections. Doc. 23. However, Plaintiff does not meaningfully contest Judge Peck's findings and merely rehashes points that he has

4

previously asserted. Plaintiff attached several documents to his objections, including: (1) several notices from the SSA to Plaintiff chronicling the developments in his request for DIB; (2) a letter dated March 10, 2014 confirming Plaintiff's Medicare entitlement; (3) a copy of the retroactive DIB check in the amount of $11,242.20; (4) a letter dated July 31, 2012 confirming the receipt of evidence submitted by Plaintiff in connection with his Appeals Council request; (5) certified mail receipts dated February 2014 and April 2014; (6) a letter dated November 3, 2004 from a doctor describing Plaintiff's physical condition; and (7) two letters from SSA informing Plaintiff that he had been overpaid. *Id*. at 5-18.[1]

Plaintiff claims that he sent these documents to "Falls Church VA," presumably to the Appeals Council. *Id.* at 3. However, the Appeals Council indicated that Plaintiff did not make any further submissions within thirty days of its proposed decision. Doc. 22 at 5. In the R & R, Judge Peck noted that Plaintiff "claim[ed] to have made several submissions in response to the Appeals Council's notice, including a copy of his lump sum benefits check, copies of correspondence from the SSA and correspondence from Medicare." *Id*. at 7. The Commissioner's reply argued that Plaintiff's "purported submissions to the Appeals Council were neither new nor material to the issue of overpayment." *Id*. (citing Def. Reply Br., Doc. 21 at 2-4). Indeed, even if the Appeals Council had received this information, it is unclear what effect, if any, it would have had on its final decision.

Plaintiff contends that he only received $11,242.20 from SSA. Doc. 23 at 3. To the extent he is once again claiming that he cannot owe more than the amount of the retroactive benefit check, Judge Peck has already rejected this argument. Doc. 22 at 15. Insofar as Plaintiff may be arguing that he never received more than $11,242.20 from SSA at any point in time, the

---

[1] Given the numerous unnumbered attachments to the Complaint, the Court's citations to them refer to the page numbers reflected on ECF.

SSA's notice of overpayment, which Plaintiff attached to his objections, belies this contention. It shows that Plaintiff received a total of $23,942.60 in DIB to cover the period in between November 2006 and July 2010, including a payment in the amount of $11,242.20.  Doc. 23 at 18.

In his objections, Plaintiff goes on to say that, due to the SSA's actions, he is suffering extreme financial hardship.  Doc. 23 at 4.  While this point may be true, it does not constitute a substantive challenge to the Appeal Council's final decision or Judge Peck's recommendations.

## IV.     Conclusion

Judge Peck reached his determinations regarding the overpayment of DIB to Plaintiff based on his finding that the Commissioner's final decision that Plaintiff was overpaid $11,275 was supported by substantial evidence and that Plaintiff never filed a waiver of repayment.  Doc. 22 at 14, 16.  Neither Plaintiff's objections nor the documents he submits meaningfully contest these findings.[2]

Therefore, the Court determines that Plaintiff's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition," and accordingly reviews the R & R only for clear error.  *Ortiz*, 558 F. Supp. 2d at 451.  Having reviewed Judge Peck's thorough R & R, the Court finds no error, clear or otherwise.  Rather, his recommendation is based on a careful review of the parties' submissions.

---

[2] Furthermore, as Judge Peck observed, "the Appeals Council's decision on waiver was favorable to Dunston." Doc. 22 at 17.

The Court therefore ADOPTS Judge Peck's recommended judgment regarding the Commissioner's motion for judgment on the pleadings for the reasons stated in the R & R.  The Clerk of the Court is respectfully directed to enter judgment, terminate the motion, Doc. 16, and close this case.

It is SO ORDERED.

Dated: April 2, 2015
      New York, New York

                                                    Edgardo Ramos, U.S.D.J.